UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWYANE WRIGHT,

        Plaintiff,

  v.

MICHAEL LONG,

        Defendant.

Case No. 2:25-cv-0690-DC-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff Dwyane Wright brings this civil rights action against defendant Public Defender Michael Long.[1] In the complaint, plaintiff alleges that defendant violated his constitutional rights and related state law claims. As plaintiff's former criminal attorney, defendant is not a proper defendant, and so I recommend that this action be dismissed without leave to amend. Plaintiff's application to proceed *in forma pauperis* makes the required showing and will be granted.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

---

[1] On the same day that plaintiff filed this action, he filed three other actions in this district, each listing a different defendant but including the same attached complaint. *See Wright v. Shan*, 2:25-cv-0689-TLN-CKD; *Wright v. Elk Grove Federal Probation Office*, 2:25-cv-0691-DAD-AC; *Wright v. Mariam*, 2:25-cv-0692-DC-CSK.

1 which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2 relief. *Id.*

3       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6 require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **Analysis**

21       The allegations in the complaint are somewhat difficult to follow, but the complaint
22 centers on plaintiff's marijuana use while on parole. Plaintiff alleges that on February 22, 2022,
23 he was released from prison and summoned to the "elk grove federal parole office." ECF No. 1
24 at 7. There, officer Mariam ordered plaintiff to provide a urine sample, which returned positive
25 for marijuana. *Id.* Plaintiff was placed in a program for this violation, but he was not returned to
26 custody. Over the next two years, plaintiff's new parole officer, Shan, had no issue with
27 plaintiff's marijuana use. *Id.*

28

It appears, however, that at some point officer Shan notified the court about plaintiff's marijuana use and plaintiff was ordered to appear with defendant attorney Long for a parole violation hearing. *Id.* at 8. While in court, plaintiff learned that he was subject to a mandatory eight-year term of supervised release. *Id.* Plaintiff asked defendant to argue for a religious exemption, but defendant explained to plaintiff that it would be difficult to persuade the court that Christians on supervised release should be allowed to use marijuana. *Id.* Later in the hearing, officer Shan told the court that none of plaintiff's prior parole officers gave plaintiff permission to use marijuana. *Id.* at 9. Plaintiff, however, alleges that officer Mariam told him he needed a cannabis card to use marijuana legally. *Id.*

Plaintiff asserts claims styled as ineffective assistance of counsel, entrapment, humiliation, harassment, and cruel and unusual punishment while working for the U.S. government. *Id.* at 7. He seeks $2,000,000 in damages. *Id.* at 9.

Defendant is not a proper defendant. Defense attorneys generally are not considered state or federal government actors for purposes of 42 U.S.C. § 1983 or *Bivens Six Unknown Named Agents*, 403 U.S. 388, 389-97 (1971).[2] *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (a federal public defender was not a federal officer acting under color of federal law when he represented the plaintiff in the federal criminal proceeding, relying on *Bivens*); *see West v. Atkins*, 487 U.S. 42 (1988) (same for a § 1983 claim). As for plaintiff's ineffective assistance of counsel claim, that claim needs to be brought under 28 U.S.C. § 2255. *See Herrera Portillo v. Lance*, No. 3:19-cv-00222-MK, 2019 WL 2251825, at *1 (D. Or. Mar. 1, 2019) (finding that the plaintiff's "claim of ineffective assistance of counsel in a federal proceeding must be raised in a motion brought under 28 U.S.C. § 2255"). Accordingly, plaintiff's federal claims should be dismissed for failure to state a claim.

Plaintiff's remaining causes of action allege violations of California law. Because the complaint fails to establish diversity jurisdiction, the court's jurisdiction depends on whether the

---

[2] It is not apparent whether defendant represented plaintiff in federal or state court. However, defendant is not a proper defendant under either *Bivens* or § 1983.

plaintiff asserts a claim arising under federal law.[3]  *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must specifically allege diverse citizenship of all parties to invoke diversity jurisdiction).  Since plaintiff has not stated a federal claim, I recommend that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims and dismiss those claims without prejudice.  *See* 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction over claim where "court has dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.").

Additionally, given that the complaint's deficiencies cannot be cured by amendment, I recommend dismissal without leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

Accordingly, it is hereby ORDERED that plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's claims arising under federal law be DISMISSED without leave to amend for failure to state a claim.

---

[3] The complaint does not allege diversity of the parties.

4

      2. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

      3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 3, 2025

JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE